HEIRS OF OBDULIO JIMÉNEZ SALTEBRÁN, Appellant, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 951. Submitted May 25, 1935.—Decided July 16, 1935.

838

*Celestino Domínguez Rubio* and *Luis Domínguez Rovira* for appellant. The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

In 1897, Doña Julia Palmieri y Santiago, a widow and Don Antonio Passalacqua y Costa dissolved a mercantile partnership known as Passalacqua & Co. The instrument of dissolution contained the following clauses:

"*Third.*—In view of the fact that for the present none of the partners can take possession of his share in the partnership under dissolution because there are credits pending payment and others pending collection, and real properties and rights which can not be divided now, Antonio Passalacqua is left in charge of all the property of the partnership for the purpose of paying and collecting the credits corresponding to each of the partners, by virtue of said dissolution with all the powers granted by law.

"*Fourth.*—Julia Palmieri, on her own right and in furtherance of her interests, authorizes and empowers, in the most solemn form, Antonio Passalacqua to make any transaction, grant, or compromise and to act in any manner required for the promotion (*realización*)

and best success (*mayor éxito*) of the partnership's interest, with the responsibilities imposed upon him by the Code of Commerce, until complete liquidation of the partnership under dissolution.

"*Fifth*.—Antonio Passalacqua is appointed liquidator of the mercantile firm of Passalacqua & Co., which is hereby extinguished, with the duties and responsibilities imposed on him as such liquidator by the Code of Commerce."

In 1913, Passalacqua, as liquidator, sold a parcel of real estate and the registrar recorded the conveyance subject to a curable defect in that the character and powers of Passalacqua, as liquidator, had not been shown. In May 1935, the present owners of the property attempted to cure a defect by presenting in the registry of property a copy of the instrument of dissolution. The registrar of property refused to make the desired entry on the ground that the instrument did not confer upon Passalacqua power to sell the partnership's real estate and that he had no such power under the law. Section 1604 of the Civil Code (1930 ed.) provides that:

"An agency stated in general terms only includes acts of administration.

"In order to compromise, alienate, mortgage, or to execute any other act of strict ownership, an express commission is required."

Appellant quotes 2 Manresa 448, to the effect that the power to compromise includes the power to alienate property object of the compromise. Here, however, no compromise was involved nor was the property in question involved in any compromise. Appellant also quotes from the same author and volume to the effect that administration sometimes includes the power to sell, as for example to dispose of agricultural products of the soil. In the absence of further citation of authorities, we are not disposed to extend this doctrine to include an alienation of the land itself.

Again appellant refers to a subsequent entry in the registry of property where Passalacqua appears as having conveyed to Doña Julia Palmieri herself several parcels of land valued at $5,000 in payment of the firm's indebt-

edness to her. Appellant relies on this transaction as evidence of ratification. This question of ratification, not having been submitted to the registrar, cannot now be urged as a ground for reversal. In any event, the question of implied ratification *vel non* is a debatable question of fact which might arise in a revendicatory action if brought by Doña Julia Palmieri against the owners of the land involved in the present appeal, or in a suit to remove the cloud from the title of such owners if brought by them. It is not a question that can properly be determined by the registrar of property from a mere inspection of the entry on which appellant relies. Besides, the purchaser of the land here in question was not a creditor of the mercantile partnership and the land was not conveyed to him in payment of any debt or claim against the partnership.

This fact also serves to exclude the instant case from another statement which appellant quotes from 2 Manresa 447, that the power to pay debts includes the power to alienate property in payment of such debts.

■■ The nearest approach to an express power to sell real estate in the instant case is the authorization "to act in any manner required for the promotion *(realización)* and best success *(mayor éxito)* of the partnership's interest, with the responsibilities imposed upon him by the Code of Commerce, until complete liquidation of the partnership under dissolution." Aside from any question of *noscitur a sociis* this is not an express power to sell real estate. It is not, in terms at least, a power to realize or to convert into money the firm's assets. The coupling of the word "promotion" *(realización)* with the words "best success" *(mayor éxito)* clearly indicates that the "partnership's interest" *(intereses sociales)* are not tangible assets including real estate. To construe such language as an express power to sell real estate without any necessity for selling it and without any apparent connection between such sale and the payment or

discharge of any of the firm's outstanding obligations would be subversive of the well-established rule of strict construction.

The law itself confers upon Passalacqua no greater authority than that conferred upon him by the instrument of dissolution. Section 147 of the Code of Commerce (1932 ed.) reads as follows:

"From the time an association is declared in liquidation the authority of the managing members to make new contracts and obligations shall cease, their powers being limited as liquidators to collecting the credits of the association, to extinguishing the obligations previously contracted as they fall due, and to the consummation of pending transactions."

*Quiñones* v. *Registrar,* 18 P.R.R. 128, is the case most favorable to appellant. There this court held in substance that the power to cancel a mortgage is included among the powers conferred upon a liquidator by section 228 now 147, *supra,* of the Code of Commerce. The cancellation of a mortgage is an incident, and usually a necessary incident, to the collection of the debt secured by such mortgage. Hence, the power to cancel a mortgage may be regarded as included in the power to collect the debt, notwithstanding the fact that such cancellation involves the alienation of a real property right. Perhaps, where heavily mortgaged land is sold as in *Martin* v. *Dial,* 89 A.L.R. 571, in order to liquidate the outstanding indebtedness whether it be sold directly to the mortgagee or to some other purchaser who assumes the mortgage, the power to sell such real estate might be said in Puerto Rico as in Texas to be incident to and included in the power to liquidate such indebtedness. That is not the instant case. Neither from the fact that the power to cancel a mortgage is included in the power to collect the debt secured by such mortgage, nor from the fact that the power to dispose of a mortgaged property is included in the power to liquidate the outstanding indebtedness, does it follow that a liquidator has the power to sell any and all real estate in

his possession, in the absence of any connection between such sale and his duties as liquidator. There is no satisfactory evidence of any such connection in the case at bar. On the contrary, all the facts before us would seem to point to a contrary conclusion. Here also, the jurisdiction of the registrar to consider and determine any doubtful question of fact might be, to say the least, seriously challenged.

In *American Colonial Bank* v. *Registrar*, 4 P.R.R. 272, and in *Succrs. of Sobrino Fernández & Co.* v. *Registrar*, 27 P.R.R. 425, the power to realize the assets, that is, the power to convert into actual money all property both real and personal, was expressly conferred. As we have already shown, the instrument of dissolution now under consideration can not be said to have conferred upon Passalacqua that power, either in express terms or by necessary implication.

The ruling appealed from must be affirmed.